UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

Eugene Soloman #162300,

        Plaintiff,        Case No. 2:11-cv-86

v.        Honorable R. Allan Edgar

Greg McQuiggin, et al.,

        Defendants.

_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

## Factual Allegations

Plaintiff Eugene Soloman, a state prisoner confined at the Chippewa Correctional Facility (URF), filed this 42 U.S.C. § 1983 action against Defendants Warden Greg McQuiggin and Property Room Sergeant Unknown Smith. In his complaint, Plaintiff alleges that he sent his radio

in to Venture Electronics to be repaired. Venture Electronics subsequently replaced Plaintiff's radio with a new model. However, when the radio was received at URF, Defendant Smith would not give Plaintiff his radio, stating that it was contraband. Plaintiff claims that the same situation occurred with prisoner McDonald, who sent out his radio on November 30, 2009. However, when prisoner McDonald's new replacement radio arrived, he was allowed to possess the replacement radio.

Plaintiff filed a grievance and appealed the denial to step III. In the step I response, Sergeant Casey responded that the replacement radio was a non-approved radio and that the Warden was researching whether Plaintiff should be allowed to keep the radio, or whether he would be required to send the radio home. In the step II response, Defendant McQuiggin stated:

> Grievant sent his radio out for repair to Venturer Electronic, Inc. Upon return of the radio it was determined to be contraband as the RCA Superadio III, model RP7887, is not and has never been an allowable item per policy. Prisoners who legitimately possess this style of radio shall be permitted to continue to possess the appliance, as long as it remains in good working order. If the radio does require repair, the legitimate owner may take possession of the <u>original radio</u> which has been repaired at an authorized repair facility and returned to the prisoner. The radio returned to grievant after he sent his radio for repair was a "new" RCA Superadio III, model RP 7887, which did not have grievant's number on it, this was not grievant's original radio. A Notice of Package/Mail Rejection has been completed and a hearing will be conducted. No violation of policy exists. (emphasis in original)

(Docket #1-1, p. 3.)

Plaintiff's step III appeal was also denied. (Docket #1-1, p. 1.) Plaintiff claims that Defendants violated his equal protection and due process rights. Plaintiff seeks compensatory and punitive damages, as well as the return of his radio.

**Discussion**

I.      <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by

a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that he was not allowed to possess the new replacement radio in violation of his due process rights. In all cases where a person stands to be deprived of his life, liberty or property, he is entitled to due process of law. This due process of law gives the person the opportunity to convince an unbiased decision maker that, for example, he has been wrongly or falsely accused or that the evidence against him is false. The Due Process clause does not guarantee that the procedure will produce a correct decision. "It must be remembered that even if a state decision does deprive an individual of life, [liberty], or property, and even if that decision is erroneous, it does not necessarily follow that the decision violated that individual's right to due process." *Martinez v. California*, 444 U.S. 277, 284, n.9 (1980). "[T]he deprivation by state action of a constitutionally protected interest in "life, liberty or property" is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (emphasis in original). Initially, the court notes that Plaintiff was apparently allowed to send the radio home, so that the only deprivation was the inability to have possession of the radio in prison. Furthermore, Plaintiff does not contend that the replacement radio complied with policy. Rather, Plaintiff asserts that because another prisoner was allowed to possess an identical radio in violation of policy, Plaintiff should have been afforded the same privilege. Such allegations do not state a due process claim.

Moreover, it is clear that Plaintiff received due process of law. In this case, Plaintiff grieved the refusal to allow him to possess the new radio in prison to step III. Plaintiff's grievances were denied at each step. Therefore, because Plaintiff was given the opportunity to convince an unbiased decision maker that he was being wrongly deprived of his radio, he received the process he was due under the constitution. *Zinermon v. Burch*, 494 U.S. 113, 127-28, 110 S. Ct. 975, 984 (1990).

Plaintiff claims that Defendants' conduct violated the Equal Protection Clause of the Fourteenth Amendment. The Equal Protection Clause commands that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1. A state practice generally will not require strict scrutiny unless it interferes with a fundamental right or discriminates against a suspect class of individuals. *Mass. Bd. of Ret. v. Murgia*, 427 U.S. 307, 312 (1976). Plaintiff does not suggest that he is a member of a suspect class, and "prisoners are not considered a suspect class for purposes of equal protection litigation." *Jackson v. Jamrog,* 411 F.3d 615, 619 (6th Cir. 2005); *see also Wilson v. Yaklich,* 148 F.3d 596, 604 (6th Cir.1998). In addition, prisoners do not have a fundamental right under the Constitution to possess a radio.

Because neither a fundamental right nor a suspect class is at issue, the rational basis review standard applies. *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby,* 470 F.3d 286, 298 (6th Cir. 2006). "Under rational basis scrutiny, government action amounts to a constitutional violation only if it 'is so unrelated to the achievement of any combination of legitimate purposes that the court can only conclude that the government's actions were irrational.'" *Id.* (quoting *Warren v. City of Athens,* 411 F.3d 697, 710 (6th Cir. 2005)). To prove his equal protection claim, Plaintiff must demonstrate "intentional and arbitrary discrimination" by the state; that is, he

must demonstrate that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). In this case, the refusal to allow Plaintiff to possess the radio was in compliance with prison policy, which prohibited such radios. The fact that another prisoner was apparently allowed to possess such a radio in violation of policy does not entitle Plaintiff to such treatment, or grant him any rights he did not already possess.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated:     6/15/2011            /s/ R. Allan Edgar
                                R. Allan Edgar
                                United States District Judge